# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) No. 23-CR-441-D |
| JEREMY TURRENTINE ADAMS, a/k/a Deshawn Turrentine, a/k/a Jeremy Lynn Adams, | ) ) ) ) ) |
| Defendant. | ) ) |

## PLEA AGREEMENT

### Introduction

1.    This Plea Agreement, in conjunction with a Plea Supplement filed contemporaneously under seal, contains the entire agreement between Defendant Jeremy Turrentine Adams and the United States concerning Defendant's plea of guilty in this case. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this Plea Agreement is hereby rejected by the United States. This Plea Agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This Plea Agreement binds only the United States Attorney's Office for the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. If

Defendant does not accept the terms of this Plea Agreement by **March 1, 2024**, the offer is withdrawn.

### **Guilty Plea**

2. Defendant agrees to enter a plea of guilty to Count 1 in Case Number CR-23-441-D, charging Mail Theft in violation of 18 U.S.C. § 1708. To be found guilty of violating 18 U.S.C. § 1708, as charged in the Indictment, Defendant must admit, and does admit, that on or about August 17, 2023, in the Western District of Oklahoma, Defendant knowingly stole and took mail from a receptacle which was an authorized depository for mail matter.

### **Maximum Penalty, Restitution, and Special Assessment**

3. The maximum penalty that could be imposed as a result of this plea is 5 years of imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00 and a term of supervised release of 3 years.

4. In addition to the punishment described above, a plea of guilty can affect immigration status. If Defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent Defendant from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization. Further, if Defendant is not a citizen of the United States, Defendant knowingly and voluntarily waives any right, pursuant to 18 U.S.C. § 4100, et seq., to request to transfer service of any sentence of imprisonment or part thereof to Defendant's

home country. If Defendant is a naturalized citizen of the United States, a guilty plea may result in denaturalization.

5. In addition, the Court must order the payment of restitution to any victims of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties agree that, as part of the sentence resulting from Defendant's plea, the Court will enter an order of restitution to all victims of Defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines (the "Guidelines"). Specifically, Defendant shall pay restitution in the amount of $1,600.89 to P.M.

6. Defendant agrees to pay any special assessment(s) to the Office of the Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments. If the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing other means by which to satisfy Defendant's full and immediately enforceable financial obligations. Defendant accepts a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court. Defendant further understands that a failure to abide by the terms of any restitution schedule imposed by the Court may result in further action by the Court.

7. For certain statutory offenses, the Court must also impose a term of supervised release, which Defendant will begin to serve after being released from custody.

For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, Defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If Defendant violates the conditions of supervised release, the Court may revoke Defendant's supervised release and sentence Defendant to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time Defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## **Financial Disclosures**

8. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or any other third party. Upon request by the United States, Defendant agrees (1) to complete truthfully and sign under penalty of perjury a Financial Statement of Debtor by the change-of-plea hearing, or a date otherwise agreed to by the United States, and (2) to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to such changes. Defendant understands that the United States will take Defendant's compliance with these requests into account when it makes a recommendation to the Court regarding Defendant's acceptance of responsibility.

9.     Defendant also expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant, in order to evaluate Defendant's ability to satisfy any financial obligations imposed by the Court. Finally, Defendant agrees to notify the Financial Litigation Program ("FLP") of the United States Attorney's Office and to obtain permission from FLP before Defendant transfers any interest in property with a value exceeding $1,000.00, owned directly, indirectly, individually, or jointly by Defendant, including any interest held or owned under any name, including trusts, partnerships, or corporations. Defendant acknowledges a continuing obligation to notify and obtain permission from FLP for any transfers of the above-described property until full satisfaction of any restitution, fine, special assessment, or other financial obligations imposed by the Court.

## Sentencing Guidelines

10.    The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date that this Plea Agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

a.     The parties agree Defendant should receive a two-level downward adjustment for Defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a),

if Defendant commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all other terms of this Plea Agreement. Further, if the Court applies that two-level downward adjustment, the United States will move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) if it determines that Defendant qualifies for the additional adjustment based on the timeliness of Defendant's acceptance of this Plea Agreement and other appropriate considerations in U.S.S.G. § 3E1.1 and its application notes.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other Guidelines adjustments and sentencing factors for consideration by the United States Probation Office and the Court.

11. The parties have entered into this Plea Agreement under the provisions of Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow Defendant to withdraw Defendant's plea of guilty. Upon Defendant's signing of this Plea Agreement, the United States intends to end its investigation of the allegations in the Indictment, as to Defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in Defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or

recommendations as to Defendant. However, subject to the terms and conditions of this Plea Agreement and Plea Supplement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation after the signing of this Plea Agreement or arises from sources independent of the United States, including the United States Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

12. Defendant understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining Defendant's sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which Defendant is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give Defendant the right to appeal the judgment and sentence imposed by the Court. Acknowledging all of this, and in exchange for the promises and concessions made by the United States in this Plea Agreement, Defendant knowingly and voluntarily waives the following rights:

    a. Defendant waives the right to appeal Defendant's guilty plea, and any other aspect of Defendant's conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    b. Except as stated immediately below, Defendant waives the right to appeal Defendant's sentence, including any restitution, and the manner in which the sentence is determined, including its procedural reasonableness. If the sentence is above

the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal the substantive reasonableness of Defendant's sentence;

  c. Defendant waives the right to appeal or collaterally challenge the length and conditions of supervised release, as well as any sentence imposed upon a revocation of Defendant's supervised release;

  d. Defendant waives the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) Defendant's conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel. This waiver does not include Defendant's ability to file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant, however, waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A)(i) where such denial rests in any part upon the Court's determination that a sentence reduction is not warranted under factors set forth in 18 U.S.C. § 3553(a).

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in paragraph 10.

13. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory Guidelines

range determined by the Court to apply in this case, this waiver does not include the right of the United States to appeal the substantive reasonableness of Defendant's sentence.

### Waiver of FOIA and Privacy Act Rights

14. Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that Defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

### Obligations of Defendant

15. Defendant shall commit no further crimes. Should Defendant commit any further crimes, knowingly give false, incomplete, or misleading testimony or information, or otherwise violate any provision of this Plea Agreement, the United States will be released from any obligations, agreements, or restrictions imposed on it under this Plea Agreement, and the United States may prosecute Defendant for any and all of Defendant's federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be brought against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

16. The parties also recognize that if the Court determines that Defendant has violated any provision of this Plea Agreement or authorizes Defendant to withdraw from Defendant's knowing and voluntary guilty plea entered pursuant to this Plea Agreement: (a) all written or oral statements made by Defendant to the Court or to federal or other designated law enforcement agents, any testimony given by Defendant before a grand jury or other tribunal, whether before or after the signing of this Plea Agreement, and any leads from those statements or testimony, shall be admissible evidence in any criminal proceeding brought against Defendant; and (b) Defendant shall assert no claim under the United States Constitution, any statute, Federal Rules of Criminal Procedure 11(d)(1) and 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives Defendant's rights described in this paragraph as of the time Defendant signs this Plea Agreement.

## Obligations of the United States

17. If Defendant enters a plea of guilty as described above and fully meets all obligations under this Plea Agreement, the United States will move to dismiss at sentencing Counts 2 through 5 of the Indictment, and the United States Attorney's Office for the Western District of Oklahoma will not further prosecute Defendant for any crimes related to Defendant's participation in activities described in the Indictment during the period between on or about August 17, 2023, through on or about September 5, 2023. This Plea

Agreement does not provide any protection against prosecution for any crime not specifically described above.

18. Defendant understands that the sentence to be imposed upon Defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence Defendant will receive. The United States reserves the right to inform the United States Probation Office and the Court of the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant that the United States deems relevant to sentencing.

## Signatures

19. By signing this Plea Agreement, Defendant acknowledges that Defendant has discussed the terms of the Plea Agreement with Defendant's attorney and understands and accepts those terms. Further, Defendant acknowledges that this Plea Agreement, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning Defendant's plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 27th day of February, 2024.

| | |
|---|---|
| **APPROVED:** | ROBERT J. TROESTER<br>United States Attorney |
| */s/ Jessica Perry*<br>JESSICA PERRY<br>Deputy Chief, Criminal Division | */s/ Danielle London*<br>DANIELLE LONDON<br>Assistant U.S. Attorney<br>Western District of Oklahoma<br>210 Park Avenue, Ste. 400<br>Oklahoma City, Oklahoma 73102<br>(405) 553-8700 (Office)<br>(405) 553-8888 (FAX) |
| */s/ Jeremy Lynn Adams*<br>JEREMY ~~TURRENTINE~~ ADAMS<br>Lynn | */s/ Kyle Wackenheim*<br>KYLE WACKENHEIM<br>Attorney for Defendant |